# UNITED STATES BANKRUPTCY COURT
## NORTHERN ILLINOIS DISTRICT OF IL
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| COMER, EDWARD D | § | Case No. 08-25782 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/26/2008 . The undersigned trustee was appointed on 09/26/2008 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of           $    66,661.22

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 0.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]           $ | 66,661.22 |

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) (Page: 1)

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 02/12/2009 and the deadline for filing governmental claims was 02/12/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 6,583.06 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 6,583.06 , for a total compensation of $ 6,583.06 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/17/2012       By:/s/GINA B. KROL
                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) (Page: 2)

Page: 1 Exhibit A

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 08-25782 DRC Judge: Donald R. Cassling
Case Name: COMER, EDWARD D

For Period Ending: 05/17/12

Trustee Name: GINA B. KROL
Date Filed (f) or Converted (c): 09/26/08 (f)
341(a) Meeting Date: 10/22/08
Claims Bar Date: 02/12/09

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Miscellaneous Household Goods | 500.00 | 0.00 | DA | 0.00 | FA |
| 2. Miscellaneous books, cd's, videos | 200.00 | 0.00 | DA | 0.00 | FA |
| 3. Clothing | 500.00 | 0.00 | DA | 0.00 | FA |
| 4. Miscellaneous costume jewelry | 200.00 | 0.00 | DA | 0.00 | FA |
| 5. Hunting rifle | 100.00 | 0.00 | DA | 0.00 | FA |
| 6. Term Life Insurance, no cash surrender value | 0.00 | 0.00 | DA | 0.00 | FA |
| 7. IRA Account | 7,000.00 | 0.00 | DA | 0.00 | FA |
| 8. Accounts receivable for self employed business | 500.00 | 0.00 | DA | 0.00 | FA |
| 9. Automobile, 2001 GMC Sierra, 137,000 miles Jointly | 3,837.50 | 0.00 | DA | 0.00 | FA |
| 10. 5 birds | 0.00 | 0.00 | | 0.00 | FA |
| 11. INHERITANCE (u) | Unknown | 0.00 | | 66,660.11 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 1.11 | Unknown |

TOTALS (Excluding Unknown Values) $12,837.50 $0.00 $66,661.22

Gross Value of Remaining Assets
$0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee settled adversary proceeding to collect inheritance. Probate estate administrator has sold off real estate in
Tennessee and will distribute funds to Trustee to enable a distribution to creditors.

Initial Projected Date of Final Report (TFR): 12/31/09    Current Projected Date of Final Report (TFR): 12/31/12

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

LFORM1    Ver. 16.06b

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1
Exhibit B

Case No: 08-25782 -DRC
Case Name: COMER, EDWARD D
Taxpayer ID No: \*\*\*\*\*\*\*5578
For Period Ending: 05/17/12

Trustee Name: GINA B. KROL
Bank Name: BANK OF AMERICA, N.A.
Account Number / CD #: \*\*\*\*\*\*\*4221   Money Market Account (Interest Earn
Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 02/27/12 | 11 | Dickson Title, LLC 10200 Ramsey Way Dickson, TN 37055 | | 1229-000 | 66,660.11 | | 66,660.11 |
| 03/30/12 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.56 | | 66,660.67 |
| 04/30/12 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.010 | 1270-000 | 0.55 | | 66,661.22 |

COLUMN TOTALS                       66,661.22      0.00
   Less:  Bank Transfers/CD's           0.00      0.00
Subtotal                            66,661.22      0.00
   Less:  Payments to Debtors          0.00
Net                                 66,661.22      0.00

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | 66,661.22 | 0.00 | 66,661.22 |
| Money Market Account (Interest Earn - \*\*\*\*\*\*\*\*4221 | 66,661.22 | 0.00 | 66,661.22 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Trustee's Signature:  /s/  GINA B. KROL    Date: 05/17/12
                         GINA B. KROL

Page Subtotals    66,661.22    0.00

UST Form 101-7-TFR (5/1/2011) (Page: 4)

Ver. 16.06b
LFORM24

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 08-25782
Case Name: COMER, EDWARD D
Trustee Name: GINA B. KROL

Balance on hand $ 66,661.22

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GINA B. KROL | $ 6,583.06 | $ 0.00 | $ 6,583.06 |
| Attorney for Trustee Fees: Cohen & Krol | $ 10,354.75 | $ 0.00 | $ 10,354.75 |
| Other: Cohen & Krol | $ 389.80 | $ 0.00 | $ 389.80 |

Total to be paid for chapter 7 administrative expenses  $ 17,327.61
Remaining Balance  $ 49,333.61

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 50,160.11 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 98.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Davis Acquisitions Corp | $ 3,140.82 | $ 0.00 | $ 3,089.07 |
| 000002 | PYOD LLC its successors and assigns as assignee of | $ 1,059.05 | $ 0.00 | $ 1,041.60 |
| 000003 | Asset Acceptance LLC / Assignee / Citibank | $ 9,587.78 | $ 0.00 | $ 9,429.80 |
| 000005 | Discover Bank/DFS Services LLC | $ 8,828.39 | $ 0.00 | $ 8,682.92 |
| 000006 | eCAST Settlement Corporation assignee of | $ 505.03 | $ 0.00 | $ 496.71 |
| 000007 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 14,629.73 | $ 0.00 | $ 14,388.67 |
| 000008 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 7,164.91 | $ 0.00 | $ 7,046.85 |
| 000010 | Richard J Nakon & Associates | $ 5,244.40 | $ 0.00 | $ 5,157.99 |

Total to be paid to timely general unsecured creditors          $          49,333.61

Remaining Balance                                                              $                 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE