UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| COMER, EDWARD D | ) | Case No. 08-25782-DRC |
| | ) | |
| | ) | Hon. Donald R. Cassling |

### APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO:   HONORABLE Donald R. Cassling
      BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1. An order for relief under Chapter 7 was entered on September 26, 2008. On November 7, 2008, an order was entered approving the employment of Counsel for the Trustee. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2. Applicant requests $10,354.75, in compensation for 27.15 hours of services performed for the period February 12, 2009 through present and reimbursement of actual expenses in the amount of $389.80.

3. A description of the nature of the services rendered by the Applicant is as follows:

ADVERSARY COMPLAINT

The Trustee initially made a demand upon the administrator of the Tennessee probate estate for a turnover of the Debtor's interest in both an inheritance and an outright land ownership which he received from his grandmother. The Tennessee administrator refused to comply with the Trustee's turnover request. Cohen and Krol initiated an adversary proceeding to obtain said turnover, naming the administrator and other heirs of the probate estate. That adversary proceeding was eventually compromised resulting in funds from which the Trustee will make a distribution to creditors. Cohen and Krol expended 15.25 hours in the activity of Adversary Complaint.

**EXHIBIT G**

ASSET RECOVERY

The Debtor initially failed to disclose his interest in land and an inheritance in Tennessee. Upon discovering the Debtor's interest, the Trustee retained Cohen and Krol to assist her in recovering these assets for the benefit of creditors. Initially, Cohen and Krol moved to reopen the bankruptcy case which had been closed as a "no-asset" case. Cohen and Krol then contacted a land title company in Tennessee to record the Bankruptcy Estate's interest in the property to prevent further conveyance or encumbrance of the property. Cohen and Krol also communicated with the probate estate administrator to make him aware of the Trustee's interest, to discuss the legal ramifications of the bankruptcy on the pending probate matter and to ascertain the status of all proceedings in Tennessee. Cohen and Krol expended 4.90 hours in the activity of Asset Recovery.

DISMISSAL

Upon the Trustee's discovery of the Debtor's undisclosed interest in the Tennessee real estate and inheritance, the Debtor moved to voluntarily dismiss this case. Cohen and Krol successfully objected to the Debtor's motion to dismiss. Cohen and Krol expended 1.10 hours in the activity of Dismissal.

GENERAL ADMINISTRATION

Cohen and Krol moved to extend the discharge deadline on behalf of the Trustee so that she could continue to investigate the Debtor's financial affairs. Cohen and Krol expended 1.50 hours in the activity of General Administration.

OBJECTION TO CLAIMS

Cohen and Krol reviewed seven objections to claims that were presented by the Debtor. Cohen and Krol monitored the claims objections process on behalf of the Trustee. Cohen and Krol expended 2.90 hours in the activity of Objections to Claims.

PROFESSIONAL EMPLOYMENT

Cohen and Krol presented and presented the Trustee's application to employ themselves as attorneys for the Trustee as is required for the effective administration of the estate. Cohen and Krol expended 1.50 hours in the activity of Professional Employment.

4. Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

**EXHIBIT G**

5. The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| GINA B. KROL/GBK2008 | 4.10 | 395.00 | 1,619.50 |
| GINA B. KROL/GBK2009 | .20 | 405.00 | 81.00 |
| GINA B.KROL/GBK2010 | 3.35 | 405.00 | 1,356.75 |
| YAN TEYTELMAN/YT2010 | 7.50 | 325.00 | 2,437.50 |
| GINA B. KROL/GBK2011 | 12.00 | 405.00 | 4,860.00 |

6. Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7. Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

8. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $10,345.75 and reimbursement of actual and necessary expenses of $389.80 for legal services rendered in this case.

RESPECTFULLY SUBMITTED,

Date: May 17, 2012                    /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL  60602-0000

**EXHIBIT G**